AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

CASE NO:  08-20048

v

DISTRICT JUDGE THOMAS L. LUDINGTON

DELVONN SKINNER                                   MAGISTRATE JUDGE CHARLES E. BINDER

_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)     There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2)     The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)     There is a serious risk that the Defendant will not appear.

(2)     There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, arguing that the presumption in favor of detention applies. The Court concurs in that argument because the Defendant faces more than 10 years' potential custody for violations of the Controlled Substances Act. I therefore must consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. While defense counsel is correct that an enhancement may not have yet been applied to the case, Defendant nonetheless faces a penalty under the Controlled Substances Act which requires the application of the presumption in favor of detention.

As to subsection (g)(2), defense counsel is again correct that the allegations of the Indictment have not yet been tested. However, the grand jury having returned an indictment is a showing of probable cause supporting the charges made against Defendant. Thus, there is a definite weight of evidence supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that the Defendant is currently 26 years of age and is single. Defendant advised Pretrial Services that he lived with his mother until approximately 2 months ago. However, during the same interview, Defendant admitted to the Pretrial Services officer that he had lived with friends for some period of time because he knew that there was a warrant outstanding for him and he did not want to turn himself in. It also appears that during this same time, Defendant lived with his girlfriend. Defendant has

been unemployed since 2001, and stated that he relies on the support of his mother and friends. He was last employed in 1998 at a car wash, and briefly worked at a fast-food restaurant.

Defendant admitted to Pretrial Services that he has used marijuana since age 14 and has used cocaine for approximately the last four years. Defendant described himself to Pretrial Services as a daily marijuana user, and urinalysis was positive for marijuana.

In May 2001, Defendant pled guilty to possession of narcotics under 25 grams in Saginaw, Michigan. He was sentenced to three years and six months' probation. While on probation, Defendant tested positive for marijuana on at least eight occasions. In February 2003, he was found to have violated his probation and sentenced to 90 days at a boot camp. He was discharged from probation in December 2004.

On December 17, 2008, Defendant was taken into custody as a result of a bench warrant issued by a state court eight months earlier on two counts of felony weapons offenses, one count of delivery and manufacture of marijuana and one count of felony possession of a firearm. These charges are presently scheduled for preliminary examination on January 12, 2009. Defendant was a fugitive on the state court charges as well as the charge bought in this Indictment, which was filed on January 30, 2008.

Defense counsel invites the Court to consider bond with conditions, including residence with his girlfriend, a tether and regular drug screening. The Court cannot accept that invitation, as it is clear that the Defendant's family has been unable to exert any control over Defendant. Further, I cannot rule out the possibility that Defendant's family may have actually aided him as a fugitive.

In light of Defendant's prior criminal history, his fugitive status on both state and federal charges, and his failure to abide by previous orders of probation, I find that the

presumption in favor of detention has not been rebutted on the evidence presented.  I further find that even if it had been rebutted, there are absolutely no conditions, nor any combination of conditions, I could craft which would either reasonably assure the safety of the community or Defendant's appearance as required for future court hearings.  Accordingly, the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: January 9, 2009                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Nancy Abraham and James Piazza, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: January 9, 2009                    By     s/Jean L. Broucek
                                                  Case Manager to Magistrate Judge Binder